IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv423
3:07cr270

WILLIE ANTONIO SIMPKINS,           )
                                   )
          Petitioner,              )
                                   )
     v.                            )          **ORDER**
                                   )
UNITED STATES OF AMERICA           )
                                   )
          Respondent.              )
_____)

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to

Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed September 12, 2008.

### PROCEDURAL HISTORY

On November 16, 2007, Petitioner was named in a ten-count Bill of Indictment charging

him with violating 18 U.S.C. §§ 513(a) and 2 and 18 U.S.C. §§ 472 and 2.  (Case No. 3:07cr270,

Doc. No.1).   On April 3, 2008, the parties filed a plea agreement with this Court.  (Id., Doc. No.

11).  On April 17, 2008, pursuant to the terms of the plea agreement, Petitioner entered a guilty

plea at his Rule 11 hearing.  (Id., Doc. No. 12).  On August 26, 2008, this Court sentenced

Petitioner to 36 months imprisonment on Counts Six through Nine, to run concurrently,[1] and

Judgment was entered on August 29, 2008.  (Id., Doc. No. 18 at 2).  Petitioner did not appeal his

sentence or conviction.

On September 12, 2008, Petitioner timely filed the instant Motion to Vacate.  (Doc. No.

_____

[1] Counts One through Five and Count Ten were dismissed on the motion of the United
States.  (Case No. 3:07cr270, Doc. No. 18 at 1).

1).  In his Motion to Vacate, Petitioner raises a claim of prosecutorial misconduct and a claim of ineffective assistance of counsel.

A<span style="font-variant:small-caps">NALYSIS</span>

**I.**     **S**TANDARD OF **R**EVIEW

    **A.**     **2255 Proceedings**

Sentencing courts must promptly examine motions to vacate.  <u>See</u> Rules Governing § 2255 Proceedings, Rule 4, [28 U.S.C.A. foll. § 2255](). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion..." <u>Id.</u>  If the motion is not dismissed, the district court must direct the government to respond or order other action.  <u>Id.</u>  Accordingly, this Court has reviewed Petitioner's Motion to Vacate and the record evidence, and as hereinafter explained, such review establishes that Petitioner is not entitled to habeas relief on any of his claims.

    **B.**     **Ineffective Assistance of Counsel**

Petitioner's ineffective assistance of counsel claims are  governed by the holding in [Strickland v. Washington, 466 U.S. 668, 687-91 (1984)]().  In [Strickland](), the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective in that it fell below an objective standard of reasonableness, and that petitioner was prejudiced thereby; that is, there is a reasonable probability that but for the error, the outcome would have been different.  <u>See</u> <u>id</u>; <u>see also</u> [United States v. Mayfield, 320 Fed. App'x 190, 191 (4th Cir. 2009)]().  In determining whether counsel's conduct was defective, there is a strong presumption that it fell within the wide range of reasonable professional assistance.  [Strickland, 466 U.S. at 689]().

A petitioner who alleges ineffective assistance of counsel in connection with the entry of

a guilty plea has an even higher burden to meet.  Hill v. Lockhart, 474 U.S. 52, 53-59 (1985).  In order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial."  Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

## II.    CLAIM OF PROSECUTORIAL MISCONDUCT

Petitioner alleges that the Government agreed to a specific loss amount in the plea agreement and then presented evidence of a higher loss amount to the Probation Department, resulting in a higher Sentencing Guideline range than what was called for by the plea agreement. (Doc. No. 1 at 4).   This, Petitioner argues, constitutes prosecutorial misconduct.

Claims that could have been raised on appeal, but were not, are procedurally defaulted. See, e.g., Bousley v. United States, 523 U.S. 614, 621-22 (1998) (finding that "where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is actually innocent) (internal citations omitted).  A review of the record reveals that Petitioner did not file a direct appeal on these claims or any others.  Petitioner does not establish any basis for finding that cause and prejudice exist to excuse his procedural default, or that he is actually innocent.  See infra p. 5.  Accordingly, his failure to raise this claim on direct review has resulted in it being procedurally defaulted.

Even if this claim were not procedurally defaulted, Petitioner's allegation of prosecutorial misconduct would not succeed because it is wholly conclusory.  Pursuant to U.S.S.G. § 1B1.3, relevant conduct is "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant."  Accordingly,

the presentence report notes that the defendant was repeatedly arrested by the Charlotte-Mecklenburg Police Department, who warned the defendant about continuing in this type of scheme, before the U.S. Secret Service became involved in this case. Despite these warnings, the defendant continued, and the Probation Department thus held him responsible for all intended loss as indicated in the offense conduct section of the presentence report, which was within its authority. <u>See</u> (Doc. No. 16 at 18). More importantly, the Probation Department (responsible for preparing presentence reports), is independent from the U.S. Attorney's office,[2] and there is simply no evidence in the record that the U.S. Attorney's Office in any way encouraged, in contravention of the Plea Agreement, the Probation Department to conclude that a higher loss amount was involved. In fact, the Government stood by the Plea Agreement at sentencing, explaining that they used the point at which the defendant spoke to the Secret Service as the starting point for determining loss amounts. Thus, it plainly appears that Petitioner is not entitled to relief on his claim of prosecutorial misconduct.

## III.  CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

### A.  Failure to Object to Prosecutor's Actions

Petitioner alleges that he received ineffective assistance of counsel because his counsel failed to challenge the Government's action with regard to the loss amount for which Petitioner was held responsible. Petitioner argues that his counsel should have objected to the Government's presentation of evidence of a higher loss amount to the Probation Department

---

[2] As is customary in this district, the Probation Department had full access to the United States Attorneys Office's files. This process does not equate with the prosecution somehow advocating for or purposefully presenting evidence of a higher loss amount in contravention of its plea agreement with Petitioner. Moreover, this Court notes that the United States Attorney's Office cannot agree with a defendant to withhold access to a defendant's file from the Probation Department.

than that specified in the plea agreement. (Doc. No. 1 at 5).

In paragraph five of the plea agreement, the parties agreed and stipulated pursuant to

Rule 11(c)(1)(B)[3] of the Federal Rules of Criminal Procedure that "because the loss amount was

more than $ 10,000 but less than $ 30,000 (U.S.S.G. § 2B1.1(b)(1)(C)), the resulting adjusted

offense level is 10." (Case No. 3:07cr270, Doc. No. 11 at ¶ 5c).[4] In preparing the presentence

report, the Probation Department determined that the Petitioner was responsible for an intended

loss amount of $ 448,153.15 and an actual loss amount of $ 49,120.84. (Id., Doc. No. 16 at ¶

19). Petitioner's counsel objected to this increase in the loss amount in writing, prior to the

sentencing hearing, and again at the hearing itself. See (Id., Doc. Nos. 14 at 2). Despite the

arguments of Petitioner's counsel, this Court determined that the presentence report properly set

forth the actual and intended loss amounts and sentenced Petitioner accordingly. This Court

explained that although it is usually fairly deferential to recommendations jointly entered into by

the parties, that this case was different because the information clearly showed that the intended

loss was that which was set forth in the presentence report and not the Plea Agreement. The

record clearly shows that Counsel did make the objections Petitioner now desires, but that this

---

[3] Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure sets forth that an attorney for the government may "recommend or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." This rule however, explicitly states that such an agreement is not binding on the Court. Indeed, the Court warned Petitioner at his plea hearing that if his sentence were more severe than he expected or if the Court did not accept the Government's sentencing recommendation he would still be bound by his plea and he would have no right to withdraw it. (Case No. 3:07cr270: Doc. No. 12, ¶ 14). After hearing this warning, Petitioner indicated that he understood. (Case No. 3:07cr270: Doc. No. 12, ¶ 14).

[4] However, paragraph four accurately states that these recommendations are non-binding on the Court. (Case No. 3:07cr270, Doc. No. 11 at ¶ 4).

Court rejected them after careful consideration; thus, it cannot be said that Counsel's performance fell below an objective standard of reasonableness, and so this claim must fail.

Moreover, Petitioner has failed to even allege, much less establish, that a reasonable probability existed that, but for his counsel's alleged ineffectiveness, he would have insisted on going to trial instead of pleading guilty. Consequently, Petitioner's ineffective assistance of counsel claim is also denied for failing to establish prejudice. <u>See</u> Hill v. Lockhart, 474 U.S. 52, 53-59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988 ).

## CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**.

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: October 7, 2010

Robert J. Conrad, Jr.
Chief United States District Judge